## In re Opening of Jackson Street. Mitcheson's Appeal.

1. Proceedings for the opening of a street located upon the plans of the Board of Survey of the city of Philadelphia must be in pursuance of the provisions of the Act of 21st April 1855, Pamph. L. 266.

2. While the Act of May 14th 1874, Pamph. L. 164, has established a uniform method throughout the Commonwealth for adjusting damages at the time when, and by the viewers by whom, a road or bridge shall be located, it made no provision for streets already located. Streets on the city plan have been treated as so located throughout the statutes, and therefore whatever effect the enactment of the Act of 1874 may have upon the Act of 1836, Pamph. L. 555, and cognate statutes, it has not withdrawn jurisdiction to open streets already located, from the city councils, under the power conferred by the Act of 1855.

January 24th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Certiorari to the Court of Quarter Sessions of *Philadelphia county:* Of July Term 1875, No. 55.

This was a proceeding to open Jackson street from Thirteenth street to Moyamensing avenue, in the city of Philadelphia. The petition of citizens, filed December 6th 1873, asked the court for a jury to view and lay out said street as laid down by the Board of Survey on the plan of the streets of the city of Philadelphia.

By the report of the jury, made on the 23d of February 1875, it appeared that their first meeting was held on the 28th of September 1874, at which an adjournment was had to the 5th of October 1874, when, after viewing the ground and hearing the testimony for and against the proposed opening, the jury found that there was a public necessity for the laying out and opening said street as located and laid down on the plan of the city by the Board of Survey.

This report was filed on the 23d of February 1875. A second report was filed on the same day, which set forth, " that in accordance with the Act of Assembly (Act of 1874) they proceeded in the discharge of the duties required by said act to endeavor to procure from the persons over whose land the said street was located,

[In re Opening of Jackson Street.]

releases from all claims which might arise by the opening of the same, and failing to secure such releases they proceeded to assess the damages, * * * and, after due consideration, taking into account the advantages accruing by the opening of the street, they are unanimously of the opinion, and so report, that by said opening no damages will be sustained by any of the parties claiming before the jury or by any of the parties over whose ground said street is located."

To this report MacGregor J. Mitcheson filed a number of exceptions, among which was the following :—

That the provisions of the Act of May 14th 1874, Pamph. L. 164, are not applicable to this case, and were improperly followed by the petitioners and the jury, and that the provisions of said act refer, in terms, to persons appointed to " view and review any public road or bridge," and not to streets in the city of Philadelphia, as to which separate and distinct legislation has been provided.

The court (Hare, P. J., Mitchell and Pratt, JJ.) dismissed all of the exceptions, and from this decree this appeal was taken.

*Robert D. Coxe*, for appellant.—The proceedings were fatally defective from their inception, and were instituted and continued under a misconception of the Act of April 21st 1855, Pamph. L. 266, Purd. Dig. 1287, sect. 124, which prescribed the manner in which streets should be opened at the time the jury was appointed. So, also, in the next step, wherein it was attempted to regulate the proceedings in accordance with the provisions of the Act of 1874, as that act, which is a general law, defines the duties of viewers appointed to report on a petition asking that a bridge or street may be located, and is not applicable to a street or road laid down upon the confirmed plan of the city: Opinion of Allison, P. J., in re Opening of Fifty-second street, Philadelphia, 33 Leg. Int. 72. To bring these proceedings within the provisions of the statute of 1874, it would be necessary for the court to give the statute a retroactive operation.

*William C. Hannis*, for petitioners.

*Robert N. Willson* and *Charles H. T. Collis*, for the city.—It is conceded that a law operating upon the rights of parties will not be construed to have a retrospective effect, but it is contended that this rule has no bearing upon a statute which operates simply upon a remedy : Kenyon *v.* Stewart, 8 Wright 179. And it is submitted that the statute of May 14th 1874 is purely of the latter character, inasmuch as it simply provides that when a jury report in favor of opening a street, they may also proceed to assess damages, instead of having a new jury appointed for that purpose. This certainly interferes with the rights of no one and simply changes the form of a remedy. There is a propriety too in having

the same jury to assess damages, and that was illustrated in this case.

The Act of May 14th 1874, applies to all roads in the Commonwealth. A street is a road. The Act of June 6th 1873, which is confined to the opening of streets in the city of Philadelphia, refers to these proceedings as "road cases."

The foundation of the opinion of Allison, P. J., *supra*, is that where streets are placed upon the public plan of the city and confirmed by the Court of Quarter Sessions, they cannot be ordered to be opened upon the report of a jury of view. Can it be that a citizen is deprived of his remedy by a jury of view simply because the board of survey have anticipated events by the location of a street on the public plan ? If in such case he be entitled to a jury of view, then the Act of May 14th 1874 (which is since the adoption of the new Constitution and cannot be a special or local law) is binding upon such jurors.

Mr. Justice WOODWARD delivered the opinion of the court, May 7th 1877.

These proceedings were begun by a petition to the Quarter Sessions " to appoint proper persons to view and lay out Jackson street from Thirteenth street to Moyamensing avenue, as laid down by the Board of Survey on the plan of streets of the city of Philadelphia." The viewers appointed pursuant to the petition reported on the 23d of February 1875, that there was " a public necessity for the laying out and opening of the street;" that they endeavored to procure releases of damages from the owners of lands over which it was located ; that failing in that effort they proceeded to ascertain the damages; and that they were unanimously of opinion that none had been sustained. The report was confirmed, and the record has been brought here by a certiorari issued on behalf of Mr. Mitcheson, one of the landowners from whom damages were withheld.

Previously to the passage of the Act of the 14th of May 1874, the opening of any street laid upon any of the public plans of the city was subject, under the provisions of the seventh section of the Act of the 21st of April 1855, to the order of the city councils, by ordinance, upon giving three months' notice to the owners of lands included in the lines of the street. Upon such notice the owners were authorized to petition the Court of Quarter Sessions for viewers to assess their damages. On the theory that the Act of 1855 had been supplied, the viewers moulded their proceedings in accordance with the requirements of the Act of 1874. A change in jurisdiction and procedure such as that which was assumed to have been made might produce seriously inconvenient results in the supervision and management of the highway system of Philadelphia, and the question whether the assumption of such a change was well grounded is well worth consideration.

[In re Opening of Jackson Street.]

By the first section of the Act of the 14th of May 1874, it was made the duty of all persons appointed "to view or review any road or bridge," if they should "decide in favor of locating said road or bridge," to endeavor to procure releases of damages from the owners of lands over which the location should be made, and to assess and report the damages where releases could not be obtained. These duties are precisely those which the viewers reported that they had performed. When this petition was presented, Jackson street had become one of the designated highways of the city by the confirmation of the plan of which it formed a part. Ample provision for opening it "whenever the councils should deem the public exigencies to demand it," existed in the terms of the Act of 1855 that have been recited. The legislation relating to the location and opening of streets under the supervision of the city authorities, and the legislation relating to the location and opening of streets over territory not embraced in any city plan, stood side by side on the statute books, and were capable of enforcement without conflict or embarrassment. The seventy-sixth section of the revised Act of the 13th of June 1836, authorized petitions to the Court of Quarter Sessions for the laying out or widening of streets, roads or alleys in Philadelphia thirty days before the commencement of each term, the issuing of a venire to the sheriff for a panel of forty-eight jurors to act as viewers, and the drawing of six jurors from the panel in each case. Subsequent acts have modified some of these provisions, but the jurisdiction of the Quarter Sessions over applications for new highways does not appear to have been disturbed, unless, possibly, such an effect might be deduced from the Act of the 16th of June 1871, prohibiting the adding of any street to any confirmed plan of the city until approved by the Board of Surveyors. Other statutes have established rules for the assessment of damages by proceedings in the Quarter Sessions for opening streets previously laid out either on the city plans or by the action of the court. Some of this latter legislation has been intricate, but none of it requires present discussion.

What, then, has been the effect of the Act of 1874 on this general highway system in the city of Philadelphia? It has manifestly established a uniform method throughout the Commonwealth for adjusting damages at the time when, and by the viewers by whom a road or bridge shall be located. But it has done nothing more. It made no provision for streets already located, and streets laid on the city plans have been treated as so located throughout the statutes. The land may be appropriated by the councils for the purpose of opening at any moment, and the erection of buildings within the drafted lines must be at the owner's peril. It was for an original view only that the act was intended to provide. Damages were not to be adjusted or assessed unless the viewers should "decide in favor of locating the road or bridge." And this location, as was

[In re Opening of Jackson Street.]

said by Allison, P. J., in deciding the case of Fifty-second street, was the primary duty imposed by the law of 1874. Whatever effect its enactment may hereafter be found to have had on the Act of 1836, and cognate statutes, it has not withdrawn jurisdiction to open streets already located from the city councils under the power conferred by the Act of 1855.

As the proceeding was wholly unauthorized, it is unnecessary to enter into the question of the retroactive operation of the law, or into an examination of the alleged defects in the record.

> The order of the Court of Quarter Sessions confirming the report of the viewers is reversed, the proceedings are quashed, and the petition is dismissed at the costs of the petitioners.